[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 462.]

OFFICE OF DISCIPLINARY COUNSEL *v.* ROMANIW.

[Cite as *Disciplinary Counsel v. Romaniw*, 1998-Ohio-25.]

*Attorneys at law—Misconduct—Disbarment—Deliberate misappropriation of funds from two guardianships for personal benefit.*

(No. 98-384—Submitted June 24, 1998—Decided October 28, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-79.

_____

{¶ 1} In April 1995, the Cuyahoga County Probate Court appointed respondent, Chrystine Romaniw of Cleveland, Ohio, Attorney Registration No. 0003596, as guardian of the estate of Natalia Bojko, an eighty-one-year-old person adjudged to be incompetent by reason of mental disability. Bojko died testate in February 1996. In December 1996, the court removed respondent as guardian of the Bojko estate for failure to turn over estate assets and file a final account. Based upon a report by the successor guardian, and after notice and an opportunity for a hearing that respondent did not attend, the court found a shortage of $77,436.62 in the Bojko guardianship account. The court also set aside an entry awarding fees to respondent in the amount of $4,843.75 because the respondent had not performed all the services set forth in her application. Finding that respondent improperly and repeatedly used funds of the ward, Bojko, for respondent's own benefit, the court ordered respondent to pay the successor guardian $77,436.62, plus fees, expenses of his investigation, and court costs.

{¶ 2} In December 1993, the Probate Court of Cuyahoga County appointed respondent guardian of the person and property of Petro Lawrynec, an eighty-three-year-old adjudged incompetent by reason of mental disability. Respondent failed to file a timely account for the guardianship, and the probate court found her in

default and ordered that she file an account on or before October 10, 1996. When respondent failed to file any account, she was removed as guardian of Lawrynec in December 1996. As a result of a report by the successor guardian and after notice and an opportunity for a hearing, the court found that respondent owed the guardianship $34,398.16. In addition, the court ordered respondent to pay the successor guardian the fees, court costs, and expenses of his investigation.

{¶ 3} On August 11, 1997, relator, Office of Disciplinary Counsel, filed a complaint alleging that respondent's conduct with respect to the two guardianships violated several Disciplinary Rules. After respondent filed her answer, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 4} The panel concluded that respondent's activities in the guardianships violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct adversely reflecting upon the ability to practice law), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (intentionally failing to seek the lawful objectives of a client), 7-101(A)(2) (intentionally failing to carry out a contract of employment entered into with a client) (Bojko estate only), 7-101(A)(3) (intentionally damaging a client during the course of a professional relationship), 9-102(B)(3) (failing to maintain complete records of all funds, securities, and other properties of a client coming into the lawyer's possession and to render appropriate accounts to the client regarding them), and 9-102(B)(4) (failing promptly to pay or deliver to the client, as requested, the property in the possession of the lawyer which the client is entitled to receive).

{¶ 5} In mitigation the panel received evidence that respondent was suffering from multiple sclerosis and that she used most of the money taken from

the two guardianships to support her children in college and in private secondary schools.

{¶ 6} The panel recommended that respondent be disbarred from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

---

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*Michael Tuan Bustamante* and *Sonali Bustamante Wilson*, for respondent.

---

***Per Curiam.***

{¶ 7} As we said in *Cleveland Bar Assn. v. Belock* (1998), 82 Ohio St.3d 98, 100, 694 N.E.2d 897, 899, "The continuing public confidence in the judicial system and the bar requires that the strictest discipline be imposed in misappropriation cases." We find no mitigating circumstances here that would justify an exception to that principle. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---