OFFICE OF DISCIPLINARY COUNSEL *v.* ROBERTS.

[Cite as *Disciplinary Counsel v. Roberts* (1999), 86 Ohio St.3d 551.]

(No. 99–837—Submitted June 9, 1999—Decided September 8, 1999.)

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Lori J. Brown,* First Assistant Disciplinary Counsel, for relator.

***Per Curiam.*** We adopt the findings of the board except those referring to respondent's *Hamilton County* contempt of court and bench warrant for his arrest. While there is evidence of such misconduct in the *Kentucky* litigation, neither the complaint nor the motions for default judgment and attached exhibits support these findings for the Hamilton County case.

Nevertheless, we adopt the conclusions and recommendation of the board. " 'The continuing public confidence in the judicial system and the bar requires that the strictest discipline be imposed in misappropriation cases.' " See *Disciplinary Counsel v. Romaniw* (1998), 83 Ohio St.3d 462, 464, 700 N.E.2d 858, 859, quoting *Cleveland Bar Assn. v. Belock* (1998), 82 Ohio St.3d 98, 100, 694 N.E.2d 897, 899. Respondent converted funds to which he was not entitled for his personal use and blatantly disregarded court orders in litigation prompted by his wrongful appropriation of these funds. No mitigation circumstances exist, and disbarment is the appropriate sanction. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.