[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 551.]

OFFICE OF DISCIPLINARY COUNSEL *v.* ROBERTS.

[Cite as *Disciplinary Counsel v. Roberts*, 1999-Ohio-196.]

*Attorneys at law—Misconduct—Permanent disbarment—Converting funds for personal use—Blatantly disregarding court orders in litigation prompted by the wrongful appropriation of the funds.*

(No. 99-837—Submitted June 9, 1999—Decided September 8, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-94.

———————————

{¶ 1} In October 1995, St. George Bank Limited ("St. George"), an Australian limited banking partnership, received a request from a customer to electronically transfer the equivalent of $8,225.07 in United States currency to the Kentucky bank account of respondent, Thomas Wayne Roberts of Erlanger, Kentucky, Attorney Registration No. 0039832. St. George mistakenly transferred $822,507 instead of $8,225.07 to respondent's account, which was his attorney trust account. Shortly thereafter, respondent withdrew all of the incorrectly transferred funds from his account and after taking $8,000 in cash for himself, purchased cashier's checks payable to various individuals and companies, including mortgage and credit card companies. St. George discovered its mistake, and in November 1995, it demanded that respondent refund the erroneously transferred funds.

{¶ 2} After respondent refused to return the funds, St. George filed suit in Kentucky. In February 1996, the Kentucky court entered judgment in favor of St. George and against respondent in the amount of $814,281.93 plus interest. The Kentucky court found that respondent had converted St. George's funds by wrongfully exercising dominion and control over the funds exceeding the correct transfer. The Kentucky court also issued a permanent injunction precluding respondent, his bank, and their agents from transferring any funds and noted that

St. George was entitled to immediate execution of the judgment. Respondent ignored St. George's discovery requests related to collecting on the judgment, as well as a subpoena and a court order compelling production of the requested documents. In May 1996, the Kentucky court found respondent in contempt and ordered him to produce the requested documents. When respondent again failed to comply, the Kentucky court issued a bench warrant for his arrest on contempt charges. Respondent, however, fled that court's jurisdiction.

{¶ 3} In February 1996, St. George filed an action in the Hamilton County Court of Common Pleas requesting that the court make the Kentucky permanent injunction an Ohio judgment. St. George later filed an amended complaint naming additional defendants who had received funds wrongfully converted from St. George by respondent. In August 1996, the Hamilton County court entered a default judgment and a permanent injunction against respondent.

{¶ 4} On October 13, 1997, relator, Office of Disciplinary Counsel, filed a complaint charging respondent with violating several Disciplinary Rules. After respondent failed to answer, the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on relator's motion and amended motion for default judgment and attached exhibits.

{¶ 5} The panel found the facts as previously set forth, and further found that respondent had been found in contempt of court by the Hamilton County court for refusal to respond to discovery requests, and that the Hamilton County court had issued a bench warrant for respondent's arrest for civil contempt. The panel concluded that respondent's conduct violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law), and 9-102(A) (failing to maintain client funds in identifiable bank accounts with no funds belonging to lawyer or law

2

firm disputed therein). The panel further found no evidence of mitigation and recommended that respondent be permanently disbarred from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, First Assistant Disciplinary Counsel, for relator.

_____

***Per Curiam.***

**{¶ 6}** We adopt the findings of the board except those referring to respondent's *Hamilton County* contempt of court and bench warrant for his arrest. While there is evidence of such misconduct in the *Kentucky* litigation, neither the complaint nor the motions for default judgment and attached exhibits support these findings for the Hamilton County case.

**{¶ 7}** Nevertheless, we adopt the conclusions and recommendation of the board. " 'The continuing public confidence in the judicial system and the bar requires that the strictest discipline be imposed in misappropriation cases.' " See *Disciplinary Counsel v. Romaniw* (1998), 83 Ohio St.3d 462, 464, 700 N.E.2d 858, 859, quoting *Cleveland Bar Assn. v. Belock* (1998), 82 Ohio St.3d 98, 100, 694 N.E.2d 897, 899. Respondent converted funds to which he was not entitled for his personal use and blatantly disregarded court orders in litigation prompted by his wrongful appropriation of these funds. No mitigation circumstances exist, and disbarment is the appropriate sanction. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____