**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Thomas Wayne ROBERTS,**
**Respondent.**

**No. 1999–SC–0953–KB.**

Supreme Court of Kentucky.

July 7, 2000.

**914**

---

### OPINION AND ORDER

This disciplinary matter comes before the Court on the Kentucky Bar Association's Petition for Reciprocal Discipline pursuant to SCR 3.435. On September 8, 1999, the Supreme Court of Ohio permanently disbarred the respondent, Thomas Wayne Roberts, from the practice of law in the state of Ohio because he unlawfully exercised control over funds mistakenly wired to his escrow account:

In October 1995, St. George Bank Limited ("St.George"), an Australian limited banking partnership, received a request from a customer to electronically transfer the equivalent of $8,225.07 in United States currency to the Kentucky bank account of respondent, Thomas Wayne Roberts of Erlanger, Kentucky, Attorney Registration No. 0039832. St. George mistakenly transferred $822,507 instead of $8,225.07 to respondent's account, which was his attorney trust account. Shortly thereafter, respondent withdrew all of the incorrectly transferred funds from his account and after taking $8,000 in cash for himself, purchased cashier's checks payable to various individuals and companies, including mortgage and credit card companies. St. George discovered its mistake, and in November of 1995, it demanded that respondent refund the erroneously transferred funds.

After respondent refused to return the funds, St. George filed suit in Kentucky. In February 1996, the Kentucky court entered judgment in favor of St. George and against respondent in the amount of $814,281.93 plus interest. The Kentucky court found that respondent had converted St. George's funds by wrongfully exercising dominion and control over the funds exceeding the correct transfer. The Kentucky court also issued a permanent injunction precluding respondent, his bank, and their agents from transferring any funds and noted that St. George was entitled to immediate execution of the judgment. Respondent ignored St. George's discovery requests relating to collecting on the judgment, as well as a subpoena and court order compelling production of the requested documents. In May, 1996, the Kentucky court found respondent in contempt and ordered him to produce the requested documents. When respondent again failed to comply, the Kentucky court issued a bench warrant for his arrest on contempt charges. Respondent, however, fled that court's jurisdiction.

In February 1996, St. George filed an action in the Hamilton County Court of Common Pleas requesting that the court make the Kentucky permanent injunction an Ohio judgment. St. George later filed an amended complaint naming ad-

ditional defendants who had received funds wrongfully converted from St. George by respondent. In August 1996, the Hamilton County court entered a default judgment and a permanent injunction against respondent.

On October 13, 1997, relator, Office of Disciplinary Counsel, filed a complaint charging respondent with violating several Disciplinary Rules. After respondent failed to answer, the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").…

The panel found the facts as previously set forth, and … concluded that respondent's conduct violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law) and 9-102(A) (failing to maintain client funds in identifiable bank accounts with no funds belonging to lawyer or law firm disputed therein). The panel further found no evidence of mitigation and recommended that respondent be permanently disbarred from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendations of the panel.[1]

In its disbarment order, the Supreme Court of Ohio concluded that respondent's conduct violated each of the Disciplinary Rules identified by the board.[2]

Supreme Court Rule 3.435 outlines the procedure for imposing reciprocal discipline in Kentucky:

(1) Any attorney subject to the provisions of this Rule shall, upon being subjected to professional disciplinary action in another jurisdiction, promptly inform the Bar Counsel of such action. Upon being informed that an attorney subject to the provisions of these Rules has been subjected to discipline in another jurisdiction, the Bar Counsel shall obtain a certified copy of such disciplinary order and shall file the same with this Court.

(2) Upon receipt of a certified copy of an order demonstrating that an attorney admitted to practice in this State has been disciplined in another jurisdiction, this Court shall forthwith issue a notice directed to the attorney containing:

(a) a copy of said order from the other jurisdiction; and

(b) an order directing that the attorney inform the Court, within twenty (20) days from the service of the notice, of any claim by the attorney predicated upon the grounds set forth in paragraph (4) hereof that the imposition of the identical discipline in this State would be unwarranted and the reasons therefor.

(3) In the event the discipline imposed in the other jurisdiction has been stayed there, any reciprocal discipline imposed in this State shall be deferred until such stay expires.

(4) Upon the expiration of thirty (30) days from the service of the notice issued pursuant to the provisions of (2) above, this Court shall impose the identical discipline unless Respondent proves by substantial evidence:

(a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or

(b) that misconduct established warrants substantially different discipline in this State.

---

1. *Office of Disciplinary Counsel v. Roberts*, 86 Ohio St.3d 551, 552–53, 715 N.E.2d 1138, 1138–9 (1999).

2. *Id.*

(c) In all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State.[3]

The Kentucky Bar Association filed this Petition for Reciprocal Discipline on October 8, 1999 and supplemented it on January 25, 2000 with a certified copy of the order from the Supreme Court of Ohio which permanently disbarred Roberts. On February 24, 2000, this Court entered a confidential order which directed Roberts "to inform the Court, within twenty (20) days from the service of this order, of any claim pursuant to SCR 3.435(4) that the imposition of . . . identical discipline in this State would be unwarranted." An attempt to serve this order upon Roberts by certified mail at his address on file with the Kentucky Bar Association failed, and, pursuant to SCR 3.175, the order was served upon the Kentucky Secretary of State as Roberts agent for service of process on June 2, 2000.

Thirty (30) days have expired since service of the order directing Roberts to show cause why this Court should not impose reciprocal discipline, and this Court has received no response from Roberts. Therefore, pursuant to SCR 3.435(4), this Court grants the Kentucky Bar Association's Petition for Reciprocal Discipline and hereby orders that:

(1) Respondent, Thomas Wayne Roberts shall be permanently disbarred from the practice of law in the Commonwealth of Kentucky.

(2) Pursuant to SCR 3.390, this Court hereby orders Roberts to provide notice to any clients he is currently representing of his inability to provide further legal services, to notify all courts in which he has matters pending of this disbarment, and to provide the Director of the Kentucky Bar Association with a copy of all such notice letters, or with a certification that he has no active clients, whichever is applicable.

All concur.

Entered: July 7, 2000

/s/ Joseph E. Lambert
CHIEF JUSTICE

---

3. SCR 3.435.