CINCINNATI BAR ASSOCIATION *v.* SCHWARTZ.

[Cite as *Cincinnati Bar Assn. v. Schwartz,*
98 Ohio St.3d 438, 2003-Ohio-1635.]

(No. 2002–2178—Submitted February 12, 2003—Decided April 16, 2003.)

---

**Per Curiam.**

{¶ 1} Respondent, Allen Schwartz of Cincinnati, Ohio, Attorney Registration No. 0001157, was admitted to the practice of law in Ohio on October 9, 1958. On January 8, 2002, the Hamilton County Grand Jury indicted respondent on six counts of theft involving over $200,000 in funds from two estates and a trust.

{¶ 2} On April 8, 2002, relator, Cincinnati Bar Association, filed a complaint charging respondent with eight counts of misconduct in violation of the Code of Professional Responsibility and one count of violating Gov.Bar R. V(4)(G) by failing to cooperate in the disciplinary investigation. Respondent failed to answer relator's complaint, and the Board of Commissioners on Grievances and Discipline referred the cause to a master commissioner pursuant to Gov.Bar R. V(6)(F)(2) to review relator's motion for default judgment. The master commissioner made the following findings.

{¶ 3} On March 27, 2000, respondent was appointed executor of an estate. Respondent also acted as attorney for the estate and was appointed the trustee of a trust established by his client. In July 2001, respondent abandoned his law practice and disappeared. An attorney who had shared office space with respondent prior to his disappearance received a letter from respondent on July 25, 2001, in which respondent admitted to misappropriating money from this client.

{¶ 4} As a result of respondent's abandonment of his law practice and disappearance, the Hamilton County Probate Court removed respondent as executor of the estate and appointed a new administrator. The final accounting

of the estate revealed that respondent had converted money from the estate for his own personal use and that his failure to invest any of the estate funds resulted in lost interest income to the estate. On December 5, 2001, the probate court found that respondent had violated his fiduciary and professional duties as executor and attorney for the estate by misappropriating $111,427. The probate court also found that respondent had violated his duties as trustee and attorney by misappropriating $26,296.10 from the trust.

{¶ 5} Relator initiated a second investigation into respondent's conduct as executor and attorney for the estate of another client. In August 2001, the probate court removed respondent as fiduciary for this estate. The probate court found that respondent had misappropriated $233,600 from the estate.

{¶ 6} In 1971, respondent represented another client in a divorce action. As part of the divorce, the client's home was sold and respondent undertook to invest the proceeds from the sale for his client's benefit. Respondent did not provide an accounting of the proceeds.

{¶ 7} On September 24, 1994, respondent entered into a trust agreement with this client. The agreement indicated that funds totaling $49,406.22 were being held by respondent as trustee and that he would invest the funds on his client's behalf. On June 5, 1999, the client confronted respondent about the status of her money. Respondent failed to deliver any funds to his client at this time and, instead, presented her with a handwritten accounting of her funds and a promissory note for $29,876. Respondent failed to remit any additional money to this client prior to his disappearance and failed to prepare an accounting of his client's money.

{¶ 8} A fourth grievance stems from 1967, when two of respondent's clients, a married couple, were involved in a commercial airline accident. The husband was killed in the accident and the wife was severely injured. The husband's estate was valued in excess of $1,100,000. An additional $600,000 was added to the estate from the wrongful death settlement, and the wife received $300,000 for injuries she suffered in the accident. Respondent handled the husband's estate and, beginning in 1967, maintained custodial control of the wife's assets.

{¶ 9} Because he was a close friend of the family, respondent's handling of the estate and the wife's personal injury settlement was not initially questioned. For many years, respondent sent regular monthly checks to the wife. However, in December 1996, the wife requested an accounting of her assets. Respondent presented her with a handwritten document purporting to be an accounting and informed her that she had $355,000 remaining, mainly in bond investments. Following the accounting, the wife did not spend any of the principal but continued to receive monthly payments from respondent until May 2001, when

payments ceased. In April 2001, the wife's son confronted respondent, and respondent claimed that the assets were lost due to bad investments.

{¶ 10} As a result of respondent's conduct, the master commissioner concluded that respondent had violated DR 1–102(A)(3) (engaging in illegal conduct involving moral turpitude), 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 6–101(A)(3) (neglecting an entrusted legal matter), 7–101(A)(1) (failing to seek the lawful objectives of the client), 7–101(A)(2) (failing to carry out a contract of employment), 7–101(A)(3) (prejudicing or damaging clients in the course of the professional relationship), 9–102(B)(3) (failing to maintain records of client's funds), and 9–102(B)(4) (failing to promptly pay or deliver client's funds). The master commissioner also determined that respondent had violated Gov.Bar R. V(4)(G) by not cooperating in relator's investigation into the allegations of misconduct against him.

{¶ 11} The master commissioner recommended that respondent be disbarred. In making the recommendation, the master commissioner considered as aggravating factors that respondent had a dishonest or selfish motive, respondent's actions involved a pattern of misconduct, there were multiple offenses, and respondent did not cooperate in the disciplinary process. The master commissioner further considered as aggravating the vulnerability of and resulting harm to the victims of respondent's misconduct and his failure to make restitution.

{¶ 12} In mitigation, the master commissioner considered statements made by respondent in his July 2001 letter. In the letter, respondent acknowledged the wrongful nature of his misconduct and authorized the collection of certain outstanding fees, which respondent conceded may be inadequate to repay his debts. Respondent claimed that his gambling accounted for his financial problems, and that he is physically and mentally ill. Finally, respondent asserted in the letter that the assets from his friend's estate were depleted approximately 15 years ago and respondent had been paying the wife from his own funds.

{¶ 13} The board adopted the master commissioner's findings of fact and conclusions of law, and recommended the sanction of disbarment.

{¶ 14} On review, we find that the evidence of record supports the board's findings of misconduct and recommended sanction. Respondent has on several occasions breached his duties as attorney, fiduciary, and trustee. Respondent has engaged in a pattern of illegal conduct whereby he has systematically misappropriated clients' money and neglected to safeguard clients' interests. While respondent candidly admitted to his misconduct, he has shown no remorse for his actions, has failed to make restitution, has abandoned his law practice and disappeared, and stated in his July 2001 letter that he "won't return of [his] own volition." Moreover, respondent has preyed on the vulnerability and trust of his clients in order to achieve his own selfish motives.

{¶ 15} When a lawyer knowingly converts client funds, the appropriate discipline is disbarment. *Cleveland Bar Assn. v. Belock* (1998), 82 Ohio St.3d 98, 100, 694 N.E.2d 897. Respondent's conduct of neglecting entrusted legal matters, engaging in a continuous course of deceit involving the misappropriation of clients' funds, failing to make restitution, and failing to cooperate in the investigation of grievances warrants disbarment.

{¶ 16} Accordingly, respondent is permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

———————

Edwin W. Patterson III and Jack S. Healy, for relator.