CUYAHOGA COUNTY BAR ASSOCIATION v. MAZANEC.

[Cite as *Cuyahoga Cty. Bar Assn. v. Mazanec,* 114 Ohio St.3d 427, 2007-Ohio-4268.]

(No. 2007–0736—Submitted June 6, 2007—Decided August 29, 2007.)

---

**Per Curiam.**

{¶ 1} Respondent, David Thomas Mazanec of Solon, Ohio, Attorney Registration No. 0029149, was admitted to the Ohio bar in 1976. For the reasons that follow, we conclude that respondent should be permanently disbarred from the practice of law in Ohio.

{¶ 2} On October 6, 2006, relator, Cuyahoga County Bar Association, filed a complaint charging respondent with professional misconduct. Respondent was served with a copy of the complaint but did not answer, and relator moved for

default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

## Misconduct

### Count One

{¶ 3} Katherine Frank and her parents were involved in a traffic accident in November 1999, and each of them suffered serious injuries. The Franks filed a personal-injury lawsuit, and they reached a settlement with the defendants in May 2001. The Franks then retained respondent to set up trusts for the settlement proceeds. Respondent was appointed trustee of the Katherine Frank Family Trust, with Katherine Frank named as the beneficiary.

{¶ 4} Respondent opened an account for the trust at Huntington National Bank under the name "David T. Mazanec, Trustee." A total of $1,015,950 was transferred into the trust from the settlement proceeds, and that sum was deposited into the Huntington account.

{¶ 5} Article 10.11 of the trust required respondent to provide an annual accounting of the trust's activities to Katherine Frank. Beginning in 2004, respondent failed to provide that annual accounting. Because respondent failed to reply to her requests for information about the trust's activities, Katherine Frank retained two law firms to help her prepare new trust documents and to seek a full accounting from respondent. With the help of those law firms, Frank learned that respondent had written checks totaling more than $450,000 from the trust account to himself or to other persons or entities between 2001 and 2006 without Frank's knowledge or approval. Frank also learned that respondent had deposited more than $240,000 of respondent's own funds into the trust account, leaving the account nearly $213,000 short of the amount that should have been in it. In December 2006, the Cuyahoga County Court of Common Pleas removed respondent as the trustee of the Katherine Frank Family Trust and ordered respondent to pay Frank $212,925 for the missing funds, as well as $638,776 in punitive damages, plus attorney fees and costs.

{¶ 6} We agree with the board's findings that these actions by respondent violated the following Disciplinary Rules: DR 1–102(A)(4) (barring an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(6) (barring conduct that adversely reflects on an attorney's fitness to practice law), 7–101(A)(3) (barring an attorney from intentionally prejudicing or damaging a client), and 9–102(B)(3) (requiring an attorney to maintain complete records of all funds of a client and to render appropriate accounts).

## Count Two

{¶ 7} In March 2006, relator sent a letter to respondent asking him to reply to the grievance that Katherine Frank had filed against him. In April 2006, relator sent a second request asking respondent to reply to the grievance no later than May 5, 2006. On May 5, 2006, relator received a letter from respondent stating that respondent had made a "financial mistake" in his handling of the Frank trust, but respondent claimed that he had "replenished the lost funds." Respondent promised to provide proof for that statement, but relator never received an accounting from him.

{¶ 8} We agree with the board's finding that these actions by respondent violated Gov.Bar R. V(4)(G) (requiring attorneys to cooperate with and assist in any disciplinary investigation).

## Sanction

{¶ 9} Relator recommended that respondent be permanently disbarred from the practice of law. The panel and the board agreed. Respondent has filed no objections to the board's findings or its recommendation.

{¶ 10} In imposing a sanction for attorney misconduct, we consider the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The aggravating factors in this case include respondent's dishonest or selfish motive, his lack of cooperation in the disciplinary process, his refusal to acknowledge the wrongful nature of his conduct, the harm suffered by his vulnerable client, and his failure to make restitution. BCGD Proc.Reg. 10(B)(1)(b), (e), (g), (h), and (i). Mitigating factors identified by the board include the absence of any prior disciplinary record and the imposition of a civil judgment against respondent for his misconduct. BCGD Proc.Reg. 10(B)(2)(a) and (f).

{¶ 11} After weighing the aggravating and mitigating factors in this case, we agree with the board that respondent should be disbarred. By stealing from his client's trust fund, respondent has violated his professional obligation to protect his client's interests and his duty to provide loyalty and candor to the client during the representation. And by failing to cooperate in relator's investigation, respondent has failed to treat his colleagues in the profession with the respect and courtesy that they deserve. His actions demonstrate that he is not fit to practice law.

{¶ 12} We have ordered permanent disbarment in similar cases. See, e.g., *Disciplinary Counsel v. Jones*, 112 Ohio St.3d 46, 2006-Ohio-6367, 857 N.E.2d 1221 (attorney repeatedly misappropriated funds from a charitable foundation established by his late client and failed to cooperate in the disciplinary investiga-

tion); *Cincinnati Bar Assn. v. Schwartz,* 98 Ohio St.3d 438, 2003-Ohio-1635, 786 N.E.2d 866 (attorney misappropriated clients' money, failed to make restitution, and failed to cooperate in the disciplinary investigation); *Cleveland Bar Assn. v. Belock* (1998), 82 Ohio St.3d 98, 100, 694 N.E.2d 897 ("The continuing public confidence in the judicial system and the bar requires that the strictest discipline be imposed in misappropriation cases").

{¶ 13} Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

McFadden & Freeburg Co., L.P.A., and Donald P. McFadden; Smith & Smith Co., L.P.A., and Timothy Gibbons; and Ellen S. Mandell, Bar Counsel, for relator.