CLEVELAND BAR ASSOCIATION *v.* BELOCK.

[Cite as *Cleveland Bar Assn. v. Belock* (1998), 82 Ohio St.3d 98.]

(No. 97–2273—Submitted March 3, 1998—Decided June 10, 1998.)

*Joseph Domiano,* for relator.

*Dale Belock, pro se.*

***Per Curiam.*** After reviewing the record in this case, we have adopted the findings and conclusions of the board, but not its recommendation. We do not accept respondent's claim that the extenuating circumstances justified his use of client funds. No circumstances ever justify the deliberate misappropriation of client's funds for a lawyer's personal benefit.

The continuing public confidence in the judicial system and the bar requires that the strictest discipline be imposed in misappropriation cases. We have previously held that the appropriate discipline when a lawyer knowingly converts client funds is disbarment. *Cuyahoga Cty. Bar Assn. v. Churilla* (1997), 78 Ohio St.3d 348, 678 N.E.2d 515. We adhere to that position in this case. Respondent is disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.