COLUMBUS BAR ASSOCIATION *v.* HAMILTON.

[Cite as *Columbus Bar Assn. v. Hamilton* (2000), 88 Ohio St.3d 330.]

(No. 99–2269—Submitted February 9, 2000—Decided March 29, 2000.)

*Melodee S. Kornacker, Pamela N. Maggied* and *Patricia K. Block,* for relator.

*Per Curiam.* We adopt the findings, conclusions, and recommendation of the board. Absent any mitigating factors, disbarment is the appropriate sanction for an attorney's misappropriation of client funds. *Cleveland Bar Assn. v. Belock* (1998), 82 Ohio St.3d 98, 100, 694 N.E.2d 897, 899. Here, however, we accord weight to the board's recommendation of the lesser sanction of indefinite suspension based on the evidence of mitigation, *i.e.*, no continued pattern of misconduct, restitution, and full cooperation with the disciplinary investigation. See, *e.g.*, *Disciplinary Counsel v. Lowrey* (1999), 85 Ohio St.3d 2, 4, 706 N.E.2d 758, 759; *Cleveland Bar Assn. v. Stebbins* (1999), 85 Ohio St.3d 7, 9, 706 N.E.2d 762, 763; see, also, *Disciplinary Counsel v. Brown* (1999), 87 Ohio St.3d 316, 321, 720 N.E.2d 525, 530, fn. 1, and cases cited therein. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.