**OFFICE OF DISCIPLINARY COUNSEL *v*. SMITH.**

[Cite as *Disciplinary Counsel v. Smith*, 101 Ohio St.3d 27, 2003-Ohio-6623.]

*Attorneys at law — Misconduct — Indefinite suspension — Apparent conversion and neglect in administering the estate of an adjudicated incompetent — Failing to cooperate in disciplinary investigation.*

(No. 2003-1117 — Submitted August 26, 2003 — Decided December 31, 2003.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 02-93.

_____

**Per Curiam**.

{¶1} Respondent, Stanford Smith of Cleveland, Ohio, Attorney Registration No. 0030754, was admitted to the practice of law in 1958. On December 9, 2002, relator, Disciplinary Counsel, charged respondent in a two-count complaint with violations of the Code of Professional Responsibility. Respondent was served with the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline heard the cause and made findings of fact, conclusions of law, and a recommendation.

{¶2} As to the first count, the master commissioner found that respondent was appointed in March 1987 as guardian of an adjudicated incompetent and his estate. In November 2000, after the death of the ward, the Cuyahoga County Court of Common Pleas, Probate Division, removed respondent from his fiduciary responsibility for the estate because he had failed to file a required account. The probate court appointed a successor fiduciary.

{¶3} The successor fiduciary filed a motion for surcharge upon discovering that documents filed in the estate did not completely account for $25,231 of the assets. The successor determined from bank records that approximately $15,130 of

this amount appeared to have been spent appropriately for the ward's benefit. A balance of $10,100.68, however, was not explained.

{¶4} The probate court heard the surcharge motion in December 2001, but respondent, who had notice of the proceeding, did not appear. In January 2002, the court found respondent liable to the successor fiduciary in the amount of $10,000 in unaccounted-for estate assets and for $2,531.35 in fees and expenses for the successor's services. The court specifically found that the successor's services had been necessary because of respondent's willful and wanton neglect and his violation of state law. The court ordered respondent to remit this payment within 14 days of the judgment; however, respondent did not comply.

{¶5} The master commissioner found that by his apparent conversion and neglect in administering the estate, respondent had violated DR 1-102(A)(4) (conduct involving fraud, deceit, dishonesty, or misrepresentation), 1-102(A)(6) (conduct adversely reflecting on an attorney's fitness to practice law), 6-101(A)(3) (neglect of an entrusted legal matter), 7-101(A)(2) (failure to carry out a contract of professional employment), and 9-102(B)(3) (failure to appropriately account for a client's funds or other property).

{¶6} As to the second count, the master commissioner found respondent in violation of Gov.Bar R. V(4)(G) (failure to cooperate in an investigation of misconduct) because respondent received but refused to respond to relator's repeated requests for information about the administration of his former client's estate. He also ignored subpoenas for his appearance at two depositions.

{¶7} In recommending a sanction for this misconduct, the master commissioner reviewed the mitigating and aggravating considerations listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. As to mitigation, the master commissioner observed that respondent had no history of professional misconduct. However, as aggravating features, the master commissioner noted respondent's lack of cooperation, the particular vulnerability of his former

2

client, and his failure to make any restitution. The master commissioner also noted that respondent had not registered as an attorney for the current biennium in accordance with Gov.Bar R. VI.

{¶8} The master commissioner rejected the sanction suggested by relator— permanent disbarment—because of respondent's long and formerly unblemished legal career. The master commissioner instead recommended that respondent be suspended indefinitely from the practice of law. The board adopted the master commissioner's findings of misconduct and recommendation.

{¶9} We concur in the findings of misconduct and recommendation of the board. Absent any mitigating factors, disbarment is the appropriate sanction for an attorney's misappropriation of client funds. *Cleveland Bar Assn. v. Belock* (1998), 82 Ohio St.3d 98, 100, 694 N.E.2d 897. Here, however, we accord weight to the board's recommendation of the lesser sanction of indefinite suspension based on the mitigating evidence that respondent has been licensed to practice for approximately 45 years without any previous ethical infraction. See *Columbus Bar Assn. v. Hamilton* (2000), 88 Ohio St.3d 330, 725 N.E.2d 1116 (sufficient mitigating factors warranted the indefinite suspension, rather than disbarment, of an attorney who admitted having converted estate funds).

{¶10} Accordingly, respondent is hereby suspended indefinitely from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Kevin L. Williams, Assistant Disciplinary Counsel, for relator.

_____