CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* FREEMAN.

[Cite as *Cleveland Metro. Bar Assn. v. Freeman,*

**128 Ohio St.3d 421, 2011-Ohio-1483.]**

*Attorneys at law — Misconduct — Multiple violations of Code of Professional Responsibility and Rules of Professional Conduct — Failure to cooperate in disciplinary investigation — Permanent disbarment.*

(No. 2010-1479 — Submitted January 18, 2011 — Decided April 5, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-070.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Bryan S. Freeman of Lakewood, Ohio, Attorney Registration No. 0070637, was admitted to the practice of law in Ohio in 1999.

**{¶ 2}** On August 17, 2009, relator, Cleveland Metropolitan Bar Association, filed an 18-count complaint against respondent, alleging numerous violations of the Code of Professional Responsibility and Rules of Professional Conduct, arising from his conduct in eight separate client matters. The Board of Commissioners on Grievances and Discipline was unable to obtain certified mail service at respondent's residence or office addresses. Therefore, the clerk of the Supreme Court of Ohio accepted service on respondent's behalf in accordance with Gov.Bar R. V(11)(B).

**{¶ 3}** On January 1, 2010, relator filed a motion for entry of default, and on January 15, 2010, respondent moved for leave to file an answer. In an April 26, 2010 entry, the board granted respondent an extension until May 24, 2010, to answer the complaint. But when respondent again failed to answer the complaint, relator renewed its motion for default judgment.

**{¶ 4}** A master commissioner appointed by the board granted relator's motion, making findings of fact and misconduct and recommending that respondent be indefinitely suspended from the practice of law. The board adopted the master commissioner's report in its entirety. Relator objects to this recommendation, arguing that respondent's conduct warrants permanent disbarment.

**{¶ 5}** In light of respondent's extensive misconduct, which includes misappropriation of client funds, multiple instances of neglect, failure to reasonably communicate with his clients, making false statements to clients and to relator's investigator, and a failure to cooperate in the ensuing disciplinary investigations, we sustain relator's objections and permanently disbar respondent from the practice of law in Ohio.

### Misconduct

**{¶ 6}** In a disciplinary proceeding, relator bears the burden of proving a lawyer's professional misconduct by clear and convincing evidence. Gov.Bar R. V(6)(J); *Akron Bar Assn. v. Catanzarite*, 119 Ohio St.3d 313, 2008-Ohio-4063, 893 N.E.2d 835, ¶ 5. Pursuant to Gov.Bar R. V(6)(F)(1)(b), a motion for default in a disciplinary proceeding must be supported by "[s]worn or certified documentary prima facie evidence in support of the allegations made." In this case, relator has submitted the affidavits, with accompanying documents, of seven of respondent's aggrieved clients and the affidavits of two judges, an assistant United States attorney, assistant bar counsel, and two members of the certified grievance committee. Additionally, relator has submitted certified copies of court dockets, filings, and orders relating to the aggrieved clients' cases, as well as transcripts of a court proceeding and relator's attempted deposition of respondent. Having considered relator's evidence, the master commissioner and board have found that respondent has violated the ethical rules incumbent upon Ohio lawyers in the following matters.

*Grievants Sawyer, Marshall, Bruce, and Mayle*

**{¶ 7}** The board found that although respondent settled the personal-injury claims of grievants Sawyer, Marshall, Bruce, and Mayle, he either failed to distribute or failed to promptly distribute the proceeds of those settlements to the grievants, their healthcare providers, or their subrogated insurers. And in one instance, he failed to submit all of the client's medical bills for reimbursement by the tortfeasor. In three of those cases, respondent failed to answer or return his client's telephone calls seeking information about their legal matters.

**{¶ 8}** During the disciplinary investigation, respondent also advised relator that he had been working with an assistant United States attorney to resolve a Medicare lien on the proceeds of the Mayle settlement. In his affidavit, however, that assistant United States attorney averred that there is no record that respondent ever contacted his office regarding Medicare's claim against that grievant.

**{¶ 9}** The board found that respondent had committed one violation of DR 6-101(A)(3) (prohibiting neglect of an entrusted legal matter), three violations of Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), two violations of 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished), four violations of 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), four violations of 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), one violation of 1.15(d) (requiring a lawyer, upon request, to promptly render a full accounting of funds or property in which a client or third party has an interest), and one violation of 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

*Grievants Harris and Resnick*

**{¶ 10}** After filing a complaint in Harris's personal-injury action, respondent failed to obtain service on some of the defendants and did not inform the grievant of his intention to dismiss her case before he did so. Throughout the representation, Harris was unable to reach respondent, and he failed to promptly deliver her case file upon request. The board found that respondent's conduct in the Harris matter violated DR 6-101(A)(3) and Prof.Cond.R. 1.3, 1.4(a)(1) (requiring a lawyer to inform the client of any decision or circumstance with respect to which the client's informed consent is required) and 1.4(a)(2) through (4).

**{¶ 11}** Resnick had retained respondent to pursue a personal-injury claim in June 2008. But when respondent failed to return several phone calls, Resnick retained another attorney in early 2009. Although Resnick made several requests for his file, respondent did not deliver it until approximately March 16, 2009. The board found that this conduct violated Prof.Cond.R. 1.3, 1.4(a)(2) through (4), and 1.15(d).

*Grievants Olivito and Coates*

**{¶ 12}** Respondent represented another client in a personal-injury matter that was filed in the Cuyahoga County Court of Common Pleas and later transferred to the Carroll County Court of Common Pleas. During that representation, the client received a letter on respondent's letterhead from a woman who identified herself as respondent's assistant. The letter, dated October 15, 2008, informed the client that respondent had participated in a pretrial in her case and that the court had scheduled another pretrial for December 15, 2008. Neither docket reflects a pretrial set for the later date. However, the certified docket and the affidavit of Judge Olivito in Carroll County demonstrate that respondent failed to appear at the October 2008 pretrial and did not respond to discovery requests or an order compelling discovery. Consequently, the court

granted a motion to dismiss the action without prejudice that was filed by the defendant in the personal-injury matter.

{¶ 13} The board found that respondent's conduct with respect to the client violated Prof.Cond.R. 1.3, 1.4(a)(2) through (4), 8.4(c), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

{¶ 14} Grievant Lisa L. Coates was the judge assigned to a case in which respondent's client was charged with operating a vehicle while under the influence, driving under suspension, and failure to control. Although respondent had advised the judge and the prosecutor that he would file a motion to suppress before trial, he failed to do so. At respondent's request, the judge continued the trial for two weeks. On the date of the trial, respondent requested and received another continuance after informing the court that he had been in a car accident.

{¶ 15} When respondent and his client failed to appear on the third trial date, the court issued a bench warrant for the client's arrest. The judge recalled the warrant and set a fourth trial date after the client advised her that respondent had not notified her of the trial date. When respondent failed to appear on the next trial date, the judge granted a continuance to allow the client to retain new counsel and issued a show-cause order to respondent. Respondent appeared at the show-cause hearing, albeit late, and agreed to reimburse the local government that filed the case for the costs associated with his failure to appear. Respondent failed to pay the ordered restitution and did not appear at the hearing on the prosecution's motion to compel.

{¶ 16} The board found that respondent's conduct violated Prof.Cond.R. 1.3 and 1.4(a)(2) through (4), as well as 8.4(c) and (d).

*Failure to Cooperate in a Disciplinary Investigation*

{¶ 17} Despite having received notice of the grievances against him, respondent failed to cooperate in relator's investigation and has never provided a

written response to any of the grievances. The board found that respondent's conduct with respect to each of the eight grievances violated Prof.Cond.R. 8.1 (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

*Acceptance of Board's Findings of Fact and Misconduct*

**{¶ 18}** We accept the board's findings of fact and misconduct with respect to each of these matters because the record clearly and convincingly supports them.

**{¶ 19}** Because we agree with the board's findings that alleged violations of Prof.Cond.R. 1.4(a)(1) were not supported by the evidence with respect to the Bruce, Resnick, Mayle, Markey, and Coates matters, we hereby dismiss them. We also observe that neither relator's motion for default judgment nor the board's report addresses alleged violations of Prof.Cond.R. 1.4(a)(1) and (2) in the Sawyer and Marshall matters, 1.16(d) in the Harris matter, or 1.3 in the Bruce matter, and therefore we dismiss them.

### Sanction

**{¶ 20}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 21}** In its default motion, relator argued that respondent's misconduct warrants permanent disbarment. The master commissioner and board, however,

recommend that he be indefinitely suspended from the practice of law. Relator objects to this recommendation, arguing that pursuant to our precedent, respondent's conduct involving the misappropriation of client funds, multiple instances of neglect, and his complete failure to cooperate in the disciplinary investigation warrants permanent disbarment.

{¶ 22} Respondent has committed more than 50 ethical violations, including multiple instances of neglect and failure to reasonably communicate with his clients or comply with their reasonable requests for information. He has misappropriated settlement funds. He has made false statements to clients and to relator's investigator, failed to attend scheduled court appearances, and failed to cooperate in the resulting disciplinary investigations. Furthermore, he has delayed the board's consideration of relator's default motion, and consequently has delayed the imposition of his sanction, by requesting and obtaining leave to answer the complaint but failing to file an answer.

{¶ 23} As aggravating factors, the board found that respondent acted with a dishonest or selfish motive, engaged in a pattern of misconduct involving multiple offenses, failed to cooperate in the disciplinary process, failed to acknowledge the wrongful nature of his conduct, caused harm to vulnerable clients, and failed to make restitution. See BCGD Proc.Reg. 10(B)(1)(b), (c), (d), (e), (g), (h), and (i). The only mitigating factor present is the absence of a prior disciplinary record. See BCGD Proc.Reg. 10(B)(2)(a).

{¶ 24} We have previously recognized that neglect of entrusted legal matters coupled with a failure to cooperate in the ensuing disciplinary investigation warrants an indefinite suspension. See, e.g., *Disciplinary Counsel v. Hoff*, 124 Ohio St.3d 269, 2010-Ohio-136, 921 N.E.2d 636, ¶ 10; *Cleveland Bar Assn. v. Davis*, 121 Ohio St.3d 337, 2009-Ohio-764, 904 N.E.2d 517, ¶ 17. Respondent's conduct, however, also includes misappropriation of client settlement funds and misrepresentation, and we have consistently recognized that

the presumptive sanction for misappropriation of client funds is permanent disbarment. See, e.g., *Disciplinary Counsel v. Jones*, 112 Ohio St.3d 46, 2006-Ohio-6367, 857 N.E.2d 1221, ¶ 22 (presumptive sanction for pattern of misconduct involving dishonesty, misappropriation, and lack of cooperation in disciplinary proceedings is disbarment); *Lorain Cty. Bar Assn. v. Fernandez*, 99 Ohio St.3d 426, 2003-Ohio-4078, 793 N.E.2d 434, ¶ 9 ("The presumptive sanction for misappropriation of client funds is disbarment"); *Disciplinary Counsel v. Smith*, 101 Ohio St.3d 27, 2003-Ohio-6623, 800 N.E.2d 1129, ¶ 9 ("Absent any mitigating factors, disbarment is the appropriate sanction for an attorney's misappropriation of client funds"); *Cincinnati Bar Assn. v. Weaver*, 102 Ohio St.3d 264, 2004-Ohio-2683, 809 N.E.2d 1113, ¶ 15 (an attorney's "persistent neglect of his clients' interests, failure to perform as promised, failures to account for his clients' money, and lack of any participation in the disciplinary proceedings" warrant disbarment).

{¶ 25} Based upon the foregoing, we conclude that the only appropriate sanction for respondent's misconduct is permanent disbarment.

{¶ 26} Accordingly, Bryan S. Freeman is permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Benesch, Friedlander, Coplan & Aronoff, L.L.P., Joseph N. Gross, and David W. Mellott, for relator.

_____

8