DISCIPLINARY COUNSEL *v.* WEISS.

[Cite as *Disciplinary Counsel v. Weiss,* 133 Ohio St.3d 236, 2012-Ohio-4564.]

*Attorneys—Misconduct—Failing to promptly deliver funds that client is entitled to receive and engaging in conduct that adversely reflects on the attorney's fitness to practice law—Indefinite suspension.*

(No. 2012-0314—Submitted April 24, 2012—Decided October 9, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-090.

_____

**Per Curiam**.

{¶ 1} Respondent, Stephen Michael Weiss, formerly of Columbus, Ohio, Attorney Registration No. 0017566, was admitted to the practice of law in Ohio in 1968. His license was registered as inactive effective September 1, 2009. In a complaint filed on October 10, 2011, relator, disciplinary counsel, alleged that Weiss received a $98,580 check in settlement of a client's personal-injury claim, that he wrongfully retained $36,333.93 that the client was entitled to receive, and that he failed to cooperate in the resulting disciplinary investigation.

{¶ 2} Although relator's complaint was delivered by certified mail to the address Weiss had registered with the Office of Attorney Services—where he admitted he had received mail from relator—he did not submit an answer.[1] Relator's investigator sent Weiss a certified letter on December 2, 2011, advising him that relator would move for default judgment no later than December 15, 2011. Having received no response, relator moved for default on December 21, 2011.

_____

1. The signature on the return receipt begins with the letter "D" but the remainder is undecipherable.

**{¶ 3}** The Board of Commissioners on Grievances and Discipline appointed a master commissioner, who found that Weiss had committed the charged misconduct and recommended that he be indefinitely suspended from the practice of law. The board adopted the master commissioner's report and filed it with this court. We adopt the board's findings of fact and misconduct, and we indefinitely suspend Weiss from the practice of law and order him to make restitution of $36,333.93 to the affected client within 30 days of this order.

**Misconduct**

**{¶ 4}** Based on the sworn evidence submitted by relator, the board found that following an accident in 2004, John Lilley retained Weiss to represent him in a personal-injury matter. Although Weiss advised Lilley that his fee would be one-third of any proceeds recovered, he did not provide him with a written fee agreement.

**{¶ 5}** In early 2006, Lilley agreed to settle his claim for $100,000. On January 27, 2006, American Family Insurance issued two checks—a $1,420 check to Lilley's chiropractor and a $98,580 check to Lilley and Weiss. Respondent deposited the check into his client trust account and distributed a total of $29,386.07 to Lilley and two medical-service providers. Based upon the oral fee agreement, respondent should have received a fee of one-third of $98,580 or $32,860. Thus, Lilley was entitled to receive an additional $36,333.93 in settlement proceeds. Weiss, however, did not distribute those funds to Lilley or return his phone calls.

**{¶ 6}** In summer 2009, Lilley retained attorney Gregory Barwell to assist him in collecting the remainder of his settlement proceeds from Weiss. Barwell left several messages at the Ohio telephone number listed on Weiss's attorney-registration records. He reviewed real estate records and hired a private investigator to locate Weiss. Barwell eventually found Weiss in Sarasota, Florida. At some point, Weiss changed his attorney registration to inactive and provided

the Office of Attorney Services with the Sarasota address. Although Barwell sent Weiss two letters at the Sarasota address, requesting Lilley's file and a full accounting of the settlement funds, he did not receive a response.

{¶ 7} Relator sent a letter of inquiry to Weiss in March 2011 but did not receive a response. In response to a second letter sent April 15, 2011, by relator, Weiss stated that he had several health problems, that he was scheduled to have open-heart surgery on April 26, 2011, and that if he made it through the surgery, he would get in touch with relator. Of the next three letters relator sent to Weiss, Weiss responded to only one, providing information on his health and stating that he would attempt to find the information relator had requested.

{¶ 8} On July 8, 2011, relator advised Weiss by letter that relator had subpoenaed Weiss's client-trust-account records from January 1, 2006, through April 29, 2011, and that if the records showed he had not fully and properly disbursed Lilley's settlement proceeds, relator intended to file a formal complaint. Weiss did not respond.

{¶ 9} Having reviewed the subpoenaed bank records of Weiss's trust account, the master commissioner and board found that Weiss used his client trust account as a personal account, writing checks to himself from January 2006 through April 2011 in various amounts. Some of the checks identify the source of the funds in the memo line, while others do not. He also wrote checks to Coldwell Banker with the memo "property," to Robert Ambrogia with a notation identifying it as payment for a lease contract, to Andrew Weiss, and to the Ohio State University with the memo "Andrew Weiss." Following his move to Florida, he wrote a $300 check to Cape Surgery from his client trust account. We also find that as alleged in relator's complaint, the balance in Weiss's trust account dropped below the $36,333.93 that Lilley was entitled to receive. As of April 30, 2007, the balance in the trust account dropped to $33,640.84. Though the balance has fluctuated since that time, due to the deposit and withdrawal of funds

belonging to other clients and Weiss's distributions to himself, it has routinely remained below the amount owed to Lilley. And as of April 29, 2011, the balance was only $30,296.97.

**{¶ 10}** Relator sent Weiss a notice of intent to file and a draft copy of the formal complaint on August 24, 2011. The certified mail was received, and the return receipt was signed by "Sarah Potts" on August 26, 2011. The formal complaint was served on October 15, 2011, but Weiss has not filed an answer or otherwise appeared in this action.

**{¶ 11}** The master commissioner and board found that Weiss's conduct prior to February 1, 2007,[2] violated DR 9-102(B)(4) (requiring a lawyer to promptly pay or deliver funds and property to which a client is entitled) and 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), and that his conduct after that date violated Prof.Cond.R. 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation). We adopt these findings of fact and misconduct.

---

2. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Code of Professional Responsibility. When both the former and current rules are cited for the same act, the allegation constitutes a single ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

**Sanction**

{¶ 12} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 13} Weiss has engaged in conduct that adversely reflects on his fitness to practice law not only by failing to deliver funds that his client is entitled to receive, but by using dishonesty, fraud, deceit, or misrepresentation to convert a portion of those funds to his own use. He has also failed to respond to that client's reasonable requests for information and failed to cooperate in the ensuing disciplinary investigation.

{¶ 14} As mitigating factors, the board found that Weiss has no prior disciplinary record and has been licensed to practice law for more than 40 years. BCGD Proc.Reg. 10(B)(2)(a). Aggravating factors, however, include Weiss's dishonest and selfish motive in using his client trust account as a personal account, his failure to cooperate in the disciplinary process, the harm to Lilley, who has been deprived of more than $36,000 of his settlement proceeds for more than six years, and Weiss's failure to make restitution. BCGD Proc.Reg. 10(B)(1)(b), (e), (h), and (i).

{¶ 15} Based upon these factors, and citing *Disciplinary Counsel v. Smith*, 101 Ohio St.3d 27, 2003-Ohio-6623, 800 N.E.2d 1129 (imposing an indefinite suspension, rather than disbarment, for an attorney who after more than 40 years of practice, misappropriated client funds, failed to make restitution, and failed to cooperate in the ensuing disciplinary investigation), the master commissioner and board adopted relator's recommendation that Weiss be indefinitely suspended

from the practice of law and that any future reinstatement be conditioned upon his payment of restitution.  We adopt the board's recommended sanction.

{¶ 16} Accordingly, Stephen Michael Weiss is indefinitely suspended from the practice of law in Ohio and is ordered to make restitution of $36,333.93 to Lilley within 30 days of this order.  Costs are taxed to Weiss.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Karen H. Osmond, Assistant Disciplinary Counsel, for relator.

_____