DISCIPLINARY COUNSEL *v.* WEISS.

[Cite as *Disciplinary Counsel v. Weiss,* 137 Ohio St.3d 306, 2013-Ohio-4748.]

*Attorney discipline—Allocation of previously ordered restitution.*

(No. 2012-0314—Submitted June 5, 2013—Decided October 31, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-090.

_____

**Per Curiam**.

{¶ 1} This matter is currently before the court after a remand to the Board of Commissioners on Grievances and Discipline for the sole purpose of determining who is entitled to receive the restitution that we ordered respondent, Stephen Michael Weiss, to make in *Disciplinary Counsel v. Weiss*, 133 Ohio St.3d 236, 2012-Ohio-4564, 977 N.E.2d 636 ("*Weiss I*"), *reconsideration granted in part in Disciplinary Counsel v. Weiss*, 133 Ohio St.3d 1501, 2012-Ohio-5693, 979 N.E.2d 347 ("*Weiss II*"). The board recommends that the restitution be paid as follows: $18,000 to Anthem Blue Cross/Blue Shield and $18,333.93 to John Lilley. We adopt the board's recommendation.

**Procedural History**

{¶ 2} Weiss, formerly of Columbus, Ohio, Attorney Registration No. 0017566, was admitted to the practice of law in Ohio in 1968. His license was registered as inactive effective September 1, 2009.

{¶ 3} In October 2011, relator, disciplinary counsel, charged Weiss with misconduct arising from his representation of John Lilley in a personal-injury matter and his failure to cooperate in the ensuing disciplinary investigation. We granted relator's default motion on October 9, 2012, found that Weiss committed

the charged misconduct, and ordered him to pay Lilley $36,333.93 in restitution. *Weiss I.*

{¶ 4} In October 2012, Weiss moved this court to reconsider its judgment asserting that Lilley was not entitled to the full amount of restitution ordered because Anthem Blue Cross/Blue Shield had a pending subrogation claim. We granted his motion in December and remanded the matter to the board to determine the proper allocation of the restitution due, *Weiss II*, and we ordered Weiss to forward the full restitution of $36,333.93 to Lilley's current attorney Gregory P. Barwell, to hold in escrow pending the outcome of the remand.

{¶ 5} The parties submitted stipulations to the board indicating that Weiss had only $30,296.97 in his client trust account and stating that Barwell had negotiated Anthem's original subrogation interest of $32,040.60 down to $18,000. At the conclusion of this matter, Barwell will forward $18,000 to Anthem and return the remainder of the funds held in escrow—$12,296.97—to Lilley (less his attorney fees).

{¶ 6} The board now has adopted the parties' stipulations regarding the distribution of the $30,296.97 currently held by Barwell and recommends that Weiss should be ordered to make restitution of $6,036.96 to Lilley, which will result in a total restitution award of $36,333.93 in accordance with our October 9, 2012 order. The parties and the board recognize, however, that Weiss will be unable to make the recommended restitution due to his current financial circumstances. Therefore, they anticipate that Lilley will file a claim with the Clients' Security Fund.

{¶ 7} In addition to the order of restitution, the board recommends that we tax the costs of these proceedings to Weiss and make the payment of restitution to Lilley or the reimbursement of the Clients' Security Fund a condition of his reinstatement to the practice of law.

**{¶ 8}** Based on the evidence submitted, we adopt the board's recommendation with the understanding that $18,000 of the settlement funds currently held in escrow by attorney Gregory Paul Barwell will be distributed to Anthem Blue Cross/Blue Shield and $12,296.97 (less attorney fees) will be distributed to Lilley, and we order Weiss to pay an additional $6,036.96 in restitution to Lilley. Payment of the full amount of restitution or reimbursement to the Clients' Security Fund for the full amount of all claims paid to Lilley is a condition of any future reinstatement. Costs are taxed to Weiss.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Karen H. Osmond, Assistant Disciplinary Counsel, for relator.

Stephen Michael Weiss, pro se.

_____